ARCADE TOUGAS, *Ex. et al. vs.* GEORGE BRENNAN *et al.*

NOVEMBER 1, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This is a bill in equity for the construction of the will of Victor Beland, late of the city of Pawtucket, brought by the executor and beneficiaries under the will against the respondents George V. Brennan, Harry G. Brennan, Charles Brennan and Lillian B. Nagle, adult children of Adelina Beland Brennan, who died July 3, 1925, and who was a daughter of the testator. All interested parties, including the wives and husband of the above-named respondents, are properly represented. No rights of a minor or person under any disability are involved in this cause.

Testimony, both oral and by depositions, was taken in the superior court upon the single issue whether the failure of the testator to mention or to provide in his will for the respondents was intentional and not occasioned by accident or mistake. When the cause was ready for hearing for final decree it was certified to this court for determination under the provisions of general laws 1938, chapter 545, § 7.

The testator had six daughters by his first wife. After her death he remarried, his second wife then having two daughters. The will under consideration was executed September 10, 1928. The testator died November 1, 1928. His widow died December 5, 1939. By the terms of the will, a trust is created for the benefit of his widow during her life and, upon her death, $1000 is bequeathed to each of the two daughters of his widow and then the rest and residue of his estate is given, in equal shares, to his five daughters who were alive when he executed his will and who are now complainants in this cause. The respondents, children of the testator's deceased daughter, Adelina Beland Brennan, are not mentioned in the will.

Since the will was executed in 1928 and the testator died in that same year, the rights of the parties in the instant

cause are governed by the provisions of G. L. 1923, chap. 298, sec. 22, unaffected by the change in that statute by P. L. 1931, chap. 1754, sec. 2, now G. L. 1938, chap. 566, § 22. The statute controlling in this cause provides that when a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake.

When no mention is made by the testator in his will of a child or of the issue of a deceased child, the vital question is what was the testator's intention when the will was made. While the amount of evidence necessary to prove the testator's intention will naturally vary in different cases, this court has consistently held that in all cases the intention to omit a child, or the issue of a child if such child be dead, must be established by a plain preponderance of the evidence. *Lindsley* v. *Lindsley, Jr.,* 60 R. I. 85, 89, and cases cited.

The will in the instant cause was made with the advice and assistance of a lawyer. It was duly signed, published, witnessed and probated in 1928. Its language is clear and unambiguous. There is no provision therein concerning the children of his deceased daughter, Adelina Beland Brennan. To determine what his intention was respecting those children, we must resort to the will and testimony. Do they show by a plain preponderance of the evidence that his failure to make any provision for the children of Adelina Beland Brennan was intentional?

Our examination of the evidence fails to disclose any conflict of testimony or any impeachment thereof. Such evidence shows that, for reasons which need not be stated here, the testator, referring to the Brennan children, frequently expressed the intention that: "I don't want to leave them anything . . . . I don't want their name in that will at all . . . . I don't want to leave them a cent." The evidence was not contradicted and showed that the omission was inten-

tional and not occasioned by accident or mistake. Counsel for the within named respondents, who has diligently protected their interests throughout these proceedings, frankly admitted in the hearing before us that the record in this case admitted of no other conclusion.

The parties may, on November 6, 1940, present for our approval a form of decree to be entered in the superior court in accordance with this opinion.

*R. DeBlois LaBrosse,* for complainants.

*Richmond H. Sweet,* for respondents.